JOHN G. BUSFIELD & another *vs.* ELBRIDGE WHEELER.

A lien which has accrued to a partnership, for work done and money expended upon machinery, is not lost by the dissolution of the firm and the assignment by one partner of his interest therein to the other; but in such case the partner to whom the claim and lien have been assigned may enforce the same in the name of the firm.

A justice of the peace has original jurisdiction of a petition to enforce such lien, under Gen. Sts. *c.* 151, § 21, although the amount of the claim exceeds one hundred dollars.

The notice to be issued upon such petition need not set forth a statement in detail of the work done and money expended.

No time being fixed by the statutes for the commencement of proceedings to enforce such a lien, a petition may be sustained for that purpose though not commenced for more than two years, and though no written demand of payment was made for more than fifteen months, after the completion of the work.

It is no objection to the maintenance of a petition to enforce such lien, that the petitioner never completed the work upon the machinery, and that in the condition in which it was left by the petitioner when he ceased to work upon the same it would be of no value to the owner for the purpose for which it was designed; if the reason why the petitioner so ceased to work upon the same was that the owner failed to furnish materials therefor, according to his agreement.

Such lien may be enforced though the agreement under which the work was done was not

in writing, and no written notice has been given by the petitioner, or recorded in the town clerk's office, of his intention to claim the lien.

The objection that one item in the petitioner's bill of particulars, filed in the case, was for "balance due on settlement," cannot be taken for the first time at the argument upon agreed facts in this court.

Such lien may cover the cost of materials.

A petition to enforce such lien will not be defeated by reason of the petitioner's demanding of the owner of the machinery too large a sum, or omitting to describe the property intended to be covered by the lien.

PETITION under Gen. Sts. *c.* 151, § 21, brought originally before a justice of the peace, to enforce a lien for money due to the firm of Busfield & Charnock, on account of work done and materials furnished " in and about the manufacture of patterns and a rolling machine " for the respondent, under a contract that he should pay them " a reasonable price therefor, according to the account hereto annexed ; " that Busfield, one of said firm, was alone entitled to receive payment therefor ; that they duly notified the respondent, on or about the 15th of October 1863, that the lien would be enforced unless the claim should be paid within sixty days ; and that the respondent had failed to pay the same for more than sixty days thereafter. The prayer of the petition was for an order for the sale of said machinery, in satisfaction or part satisfaction of said claim.

The account annexed to the petition consisted of twenty-seven items of charge, amounting to $352.60 in the whole, without interest; and credits to the amount of $205. The first item was for " balance due on settlement, $34.07."

The justice issued a summons to the respondent to appear to answer to the petitioners, and show cause why the prayer of the petition should not be granted ; and, after a hearing, he passed an order of sale, from which order the respondent appealed to the superior court.

In the superior court, the case was referred to an auditor, the material portions of whose report were as follows :

At the hearing the respondent contended, 1. That the petitioners had no lien under the statute. 2. That the magistrate before whom the proceeding was instituted had no jurisdiction the alleged value of the property and the amount of the claim

being over one hundred dollars. 3. That the proceeding could not be brought by a writ of original summons. 4. A verbal contract was made between the petitioners and the respondent, concerning the labor to be performed upon the property on which a lien was claimed; and the respondent contended that the contract, being verbal, was not within the statute. 5. It appeared that no written notice was given by the petitioners to the respondent that they intended to avail themselves of a lien upon the materials for their pay, and that no notice thereof ever was recorded in the office of the town clerk of the town where the personal property, upon which it was claimed a lien would attach, was situated; but it was shown that, when the contract was originally made, the petitioners orally notified the respondent that they should retain possession of the property until their labor was paid for. And it appeared that no suit or proceeding was instituted against the respondent for more than two years from the time of the completion of the labor and furnishing the materials, and that no demand in writing was delivered to the respondent for more than fifteen months after the completion of the work and furnishing materials. The respondent contended that without these prerequisites this proceeding would not lie; but the auditor sustained none of the above grounds of defence.

To prove that the notice required by the statute was given to the respondent, it was shown that a notice was given to the respondent about the middle of October 1863, in the following form: " To Elbridge Wheeler: We hereby notify you that we have a claim against you for labor done and materials furnished and expended and used for you in manufacturing patterns and a rolling machine, amounting to $158.64, including balance and interest; and you are hereby requested to pay the same to John G. Busfield, one of the partners of the late firm of Busfield & Charnock, named below, who alone is authorized and empowered to collect and receive the debts due the aforesaid firm, by an instrument of assignment from John M. Charnock, the other member of said firm, of all nis right and interest in and to the copartnership debts. In default of payment for the space of

sixty days, said John G. Busfield will claim a lien on said prop-erty. Busfield & Charnock, Feltonville, October 14, 1863." It appeared that the name " Busfield & Charnock," signed to the notice, was written by John G. Busfield, one of the peti-tioners, who, on the dissolution of the partnership, on December 4th 1862, became the owner of this demand against the respond-ent. The respondent contended that, as said Busfield was the owner of the claim, he alone must make the demand, and that the notice should state substantially the property upon which the lien was claimed, and should set forth a specific and full account and bill of particulars of the work done and money ex-pended upon the personal property upon which the lien was claimed. But the auditor held the notice to be sufficient.

The auditor allowed, upon the petitioners' bill of particulars, the sum of $253.01, some items being disallowed as being charges for labor and materials upon property other than that upon which the lien was claimed : and found a balance due to the petitioners for work done and money expended upon the property on which the lien was claimed, of $58.09.

The auditor also found that the machine in question was never completed; that it would take some $500 in labor to finish it; that in the condition in which it was when the peti-tioners ceased to labor thereon, it would be of no value to the respondent for the purpose for which it was designed; and that the petitioners ceased further work upon the machine because materials were not furnished by the respondent, according to his agreement.

It was therefore agreed by the parties that the auditor's report might constitute an agreed statement of facts, upon which " the court is to enter such judgment as it sees fit, and both parties reserve the right of appeal."

Judgment was entered in the superior court for the petition-ers, and the respondent appealed to this court.

*A. V. Lynde*, for the respondent.

*J. T. Joslin*, for the petitioners.

WELLS, J. None of the objections taken by the respondent are sufficient to defeat this proceeding.

The debt, and the lien for its security, accrued to the copart-
nership. All proceedings for enforcement of the claim must be
had in the name of the copartnership, notwithstanding its dis-
solution and the assignment of his interest by one copartner to
the other. The remaining partner takes all the rights of the
firm, and may exercise them in the name of the firm, for all
purposes necessary for their enforcement and for closing up the
joint business. The demand was properly made therefore by
Busfield in the name of the firm ; and the statement that the
whole interest belonged to himself does not injure its effect.
Notice of a claim with a request for payment is a demand.

The jurisdiction of the magistrate is not limited by the
amount of the claim, nor the value of the property. No other
court has jurisdiction except by appeal. It is a special proceed-
ing, authorized by statute, and given exclusively, in the first in-
stance, to a justice of the peace or police court.

The summons, which was served upon the respondent as re-
quired by the statute, contained a notice to him, as owner of
the property, to appear, " to show cause why the prayer of the
petition should not be granted," and recited the substance of the
petition. The proceedings were therefore properly instituted.

The objection on the ground of delay is without foundation.
The respondent might have paid the debt and claimed the prop-
erty at any time, if he had seen fit to do so. Until the adoption
of the General Statutes, the creditor could do nothing with the
property but to hold it, and wait for the debtor to redeem.
*Doane* v. *Russell*, 3 Gray, 382. The statutes prescribe no time
within which the proceedings for a sale shall be prosecuted.

The objection that the work conferred no additional value to
the machine is not sustained by the agreed facts ; and besides,
the work having been performed according to an agreement
with the respondent, as reported by the auditor, the plaintiffs are
not responsible for its failure of success.

It was not necessary that the agreement should be in writing,
nor that any previous notice should be given to the respondent,
nor recorded in the town clerk's office. This lien exists only
with and depends upon possession by the claimant, and may be
created " by reason of any contract, express or implied."

The objection to the item " balance due on settlement," if taken seasonably, might have required a more particular statement, previous to the hearing before the auditor ; but it cannot avail here.    And we think the lien attaches for all expenditures, including cost of materials as well as labor.

Neither " a just and true account," nor " a description of the property intended to be covered by the lien," is necessary, as they are in the case of a mechanic's lien, where the claim is to affect property not in the claimant's possession, and must be recorded for the information of third parties.    A demand only is required by the statute, as a preliminary to the proceedings for a determination, by the magistrate, of the claimant's right to have an order for a sale of the property.    In this case the demand was for a sum considerably larger than that reported by the auditor.    The petitioners appear to have made the demand for the whole balance of their account, which included work and materials for which they had no lien.    The auditor rejects all such items, and leaves the whole credit side of the account to stand against the items which he allows as covered by the lien. As no reason is assigned for this application of the credits, we may infer that it was done inadvertently.    If the other items of the petitioners' account were justly due, though not covered by the lien, and the respondent did not, at the time of making the payments, indicate his purpose to appropriate the payments specially to any part of the debt, it was the right of the petitioners to make the appropriation first to such other items, and demand the whole balance under their lien ; provided it did not exceed the amount expended upon the property which was the subject of the lien.

Upon the facts reported by the auditor we can neither say that the petitioners are entitled to recover the whole balance of account under their lien, nor that the demand was bad by reason of an excessive amount being claimed.    These precise questions have not been argued before us, nor has the latter been raised by the respondent apparently in any stage of the proceedings.    By the agreement of the parties the court is to " enter such judgment as it sees fit" upon the facts presented.    It

appears to us therefore that the judgment of the superior court should be affirmed, and an order issued for a sale of the property for the amount reported by the auditor, with interest and costs.